CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKo
AUG 19 2010
JULIA C. DUDLEY, CLERK
BY: HMcDonaCo
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI, Petitioner, | Civil Action No. 7:10-cv-00368 |
| v. | **MEMORANDUM OPINION** |
| TRACY S. RAY, et al., Respondents. | By: Hon. Jackson L. Kiser Senior United States District Judge |

Terry K. Ofori, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the condition of his confinement ordered by the August 12, 2009, ruling of the Red Onion State Prison ("ROSP") Institution Hearing Officer ("IHO"), who convicted him of possessing a weapon or sharpened instrument. This matter is before me for screening. After reviewing petitioner's submissions, I dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases because it is clear from the petition that petitioner is not entitled to relief.

I.

Petitioner complains that ROSP staff did not comply with state regulations or the facility's procedural rules related to his institutional charges and that he is actually innocent. Specifically, petitioner complains that an "officer in charge" did not sign the charge sheet before its service; he did not receive assistance from a staff member to review the penalty offer; he could not call witnesses at the disciplinary hearing; the IHO relied on insufficient evidence to find him guilty; the IHO was impartial; and he did not receive credit for time spent in pre-hearing segregation. Plaintiff further complains that the conviction increased his security classification and denied him the privilege to earn good-time credits. Petitioner's penalty for being found guilty of possessing a weapon was thirty days isolation. (Pet. Ex. 4.)

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interests, such as earned good conduct time, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate is only entitled to these procedural protections when the conviction results in the loss of statutory good time credits or where some other liberty or property interest is at issue. Id. Petitioner acknowledges that the only penalty for the conviction was thirty-days isolation. Thus, petitioner was not entitled to Wolff's procedural protections at his disciplinary hearing. Although inmates have a right to be free of arbitrary punishment, Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966), a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

Furthermore, an inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed

2

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Petitioner classification clearly does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does an increase in security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"); Jackson v. Smith, 91 F.3d 130 (Table) [published in full-text format at 1996 U.S. App. LEXIS 15601, 1996 WL 380254] (4th Cir. 1996) (unpublished) (affirming district court's judgment as a matter of law that confinement in isolation did not implicate a due-process

protected liberty interest).

Moreover, inmates have no protected liberty interest in earning a specific rate of good conduct time. See DeBlasio v. Johnson, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000), aff'd, 13 F. App'x 96 (4th Cir. 2001). The effect of a classification reduction on the ability to earn good-time credits is too speculative to constitute a deprivation of a protected liberty interest. See Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 229 n.8 (1976)). Thus, even if plaintiff's disciplinary conviction ultimately impacted his custody status or the rate at which he earns good time in the future, such changes do not implicate federal due process protections. DeBlasio, 128 F. Supp. 2d at 329. Therefore, petitioner fails to allege facts indicating that he has been deprived of any federally protected interest without due process. Accordingly, the petition does not state nor implicate any constitutional violation, and I dismiss the petition.

III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 19th day of August, 2010.

Senior United States District Judge

4